THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Hector Mauricio
 Pacheco, Appellant.
 
 
 

Appeal From Charleston County
J. Michelle Childs, Circuit Court Judge

Unpublished Opinion No. 2012-UP-041
 Submitted November 1, 2011  Filed January
25, 2012    

AFFIRMED

 
 
 
 Deputy Chief Appellate Defender Wanda H.
 Carter, of Columbia, for Appellant.
 Attorney General Alan M. Wilson, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley E. Elliott, and Assistant Attorney General Mark R. Farthing, all of Columbia;
 and Solicitor Scarlett A. Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Hector
 Mauricio Pacheco appeals his convictions of two counts of armed robbery, strong
 arm robbery, and three counts of kidnapping.  He argues the circuit court erred
 in admitting an eyewitness's in-court identification after suppressing an
 unduly suggestive out-of-court identification.  We affirm.[1]
"The admission or
 exclusion of evidence is left to the sound discretion of the [circuit] court,
 and the court's decision will not be reversed absent an abuse of
 discretion."  State v. Liverman, 386 S.C. 223, 233, 687 S.E.2d 70,
 75 (Ct. App. 2009) (citation omitted).  "An abuse of discretion occurs
 when the decision of the [circuit] court is based upon an error of law or upon
 factual findings that are without evidentiary support."  Id. (citation omitted).  "[W]hether an eyewitness identification is
 sufficiently reliable is a mixed question of law and fact."  State v.
 Moore, 343 S.C. 282, 288, 540 S.E.2d 445, 448 (2000).  "In reviewing
 mixed questions of law and fact, where the evidence supports but one reasonable
 inference, the question becomes a matter of law for the court."  Id. (citation omitted).
When assessing the
 admissibility of an eyewitness identification "the primary evil to be
 avoided is 'a very substantial likelihood of irreparable
 misidentification.'"  Neil v. Biggers, 409 U.S. 188, 198 (1972)
 (quoting Simmons v. United States, 390 U.S. 377, 384 (1968)).  An unduly
 or unnecessarily suggestive confrontation procedure may deprive a defendant of
 due process of law.  State v. Turner, 373 S.C. 121, 127, 644 S.E.2d 693,
 696 (2007) (citation omitted).  However, "the admission of evidence of [an
 unnecessarily suggestive procedure] without more does not violate due process."  Biggers, 409 U.S. at 198.  
If a confrontation procedure
 is deemed unduly suggestive, a court must determine whether "under [the
 totality of] the circumstances the identification was reliable notwithstanding
 any suggestive procedure."  Moore, 343 S.C. at 287, 540 S.E.2d at
 447-48 (citation and internal quotation marks omitted).  Factors to consider in
 "evaluating the likelihood of a misidentification" include the
 following:

 [T]he
 opportunity of the witness to view the criminal at the time of the crime, the
 witness'[s] degree of attention, the accuracy of the witness'[s] prior
 description of the criminal, the level of certainty demonstrated by the witness
 at the confrontation, and the length of time between the crime and the
 confrontation.

Biggers, 409 U.S. at 199-200.
Here, we find the circuit
 court did not err in admitting the eyewitness's in-court identification.  Despite
 the undue suggestiveness of the confrontation procedure used by the police, the
 in-court identification was reliable under the Biggers analysis.  The
 eyewitness testified he was able to get a good look at his assailants over the
 course of the five- to six-minute robbery.  While the nearly two-week period
 between the robbery and the confrontation was considerable, his description of
 his assailants after the robbery was detailed and consistent with the description
 of Pacheco.  Finally, when the eyewitness identified Pacheco at the police
 station, he was absolutely sure Pacheco was one of the men who robbed him.  Furthermore,
 we find the circuit court's suppression of the out-of-court identification to
 be consistent with the admission of the in-court identification, given the additional
 testimony offered at trial.  See, e.g., State v. Smith, 337 S.C.
 27, 32, 522 S.E.2d 598, 600 (1999) ("A pretrial ruling on the
 admissibility of evidence is preliminary and is subject to change based on
 developments at trial.").
AFFIRMED.
FEW, C.J., THOMAS and
 KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.